IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DEMETRIUS D. MOORE, #0136958,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 20-cv-01336-JPG |
| | ) | |
| **FEDERAL BUREAU OF PRISONS,** | ) | |
| **UNITED STATES MARSHAL SERVICE,** | ) | |
| **SHANNON WOLFF,** | ) | |
| **JARROD PETERS,** | ) | |
| **LORI KRULL,** | ) | |
| **JASON JUENGER,** | ) | |
| **and C/O GEISEN,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Demetrius Moore, a detainee at Randolph County Jail in Chester, Illinois, brings this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80. (Doc. 1). In the Complaint, Plaintiff asserts six claims against Defendants for subjecting him to unconstitutional conditions of confinement at the Jail in 2020. (*Id*. at 1-18). He sues each defendant in an official capacity for money damages under the FTCA. (*Id*. at 17-18).

The Complaint is subject to preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

**The Complaint**

Plaintiff sets forth the following allegations in the Complaint (Doc. 1-17): During his detention at Randolph County Jail in 2020, Plaintiff was denied adequate medical care for injuries he sustained in an inmate assault (*id*. at 9), staph infection (*id*. at 10), poor vision (*id*. at 11), mental health issues (*id*. at 12), bronchitis/asthma (*id*.), multiple sclerosis (*id*. at 15), scoliosis (*id*.), and COVID (*id*. at 13). He was also exposed to unconstitutional conditions of confinement that include, but are not limited to, secondhand e-cigarette smoke (*id*. at 13), COVID-positive inmates (*id*.), poor ventilation (*id*.), overcrowding (*id*.), insects (*id*.), and toxic black mold (*id*. at 14).

Based on the allegations, the Court finds it convenient to designate the following enumerated counts in the *pro se* Complaint:

> **Count 1:** **Eighth/Fourteenth Amendment claim against Sheriff Wolff and Jail Administrator Peters for instituting a policy, custom, or practice of allowing e-cigarettes at the Jail.**
>
> **Count 2:** **Eighth/Fourteenth Amendment claim against Sheriff Wolff and Jail Administrator Peters for exposing Plaintiff to unconstitutional conditions, including secondhand e-cigarette smoke, overcrowding, insects, and mold.**
>
> **Count 3:** **Eighth/Fourteenth Amendment claim against Sheriff Wolff, Jail Administrator Peters, and Nurse Krull for subjecting Plaintiff to a substantial risk of serious harm caused by exposure to the novel coronavirus.**
>
> **Count 4:** **Eighth/Fourteenth Amendment claim against the Jail for denying Plaintiff adequate mental health treatment.**
>
> **Count 5:** **Eighth/Fourteenth Amendment claim against the U.S. Marshals Service for denying Plaintiff new prescription eyeglasses.**
>
> **Count 6:** **Eighth/Fourteenth Amendment claim against Sheriff Wolff, Jail Administrator Peters, Nurse Krull, Jason Juenger, and Officer Genisen for failing to provide Plaintiff with medical treatment for breathing difficulties after his exposure to COVID.**

**Any claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

### Discussion

Plaintiff brings this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. 1346, 2671-80, which authorizes "civil actions on claims against the United States, for money damages . . . for . . . personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1).  Put differently, the FTCA provides jurisdiction for suits against the United States for torts committed by federal officials.  The United States is the only proper defendant in an FTCA action.  *See Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008).

Plaintiff did not name the United States as a defendant.  And, he cannot proceed with his FTCA claims against the Federal Bureau of Prisons, U.S. Marshals Service, or Jail officials.  Federal agencies (and divisions of the same) are not subject to suit for money damages under the FTCA.  *Id*.  Given this, the Complaint shall be dismissed for failure to state a claim.  However, the dismissal shall be without prejudice, and Plaintiff shall have an opportunity to replead his claims in an amended complaint.

 If he wishes to bring claims for money damages against the United States based on the tortious conduct of federal officials, Plaintiff may pursue relief under the FTCA.  However, he must first exhaust his administrative remedies.  *See* 28 U.S.C. § 2675(a).  Failure to properly and completely exhaust his remedies is grounds for dismissal.  *Id*.

If he seeks money damages for constitutional deprivations against individual defendants, Plaintiff's claims are more appropriately brought against the individual defendants under 42 U.S.C.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

§ 1983 or *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Section 1983 governs claims for federal rights violations against state actors, while *Bivens* provides a damages remedy for certain federal rights violations committed by federal agents. That said, Section 1983 and *Bivens* actions[2] are "conceptually identical and further the same policies." *Green v. Carlson*, 581 F.2d 669, 673 (7th Cir. 1978); *Bush v. Lucas*, 462 U.S. 367, 374 (1983).

It is sometimes difficult to discern whether a defendant is considered a state actor or a federal actor. Though Plaintiff was a federal detainee when his claims arose, Plaintiff brings his claims against local jail staff who were presumably acting under color of state law, which falls under Section 1983. "*Bivens*" actions are generally against federal employees. *See Bivens,* 403 U.S. 388 (1971). If Plaintiff is not sure whether a defendant is considered a state or federal actor, he may simply bring the constitutional claims under 42 U.S.C. § 1983 and/or 28 U.S.C. § 1331 / *Bivens*. The Court will then screen his amended complaint under both and sort out this issue as the case proceeds.

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80. **COUNTS 1, 2, 3, 4, 5,** and **6** are **DISMISSED** without prejudice.

**IT IS ORDERED** that Defendants **FEDERAL BUREAU OF PRISONS** and **UNITED STATES MARSHALS SERVICE** are **DISMISSED** with prejudice because the Complaint states no claim upon which relief may be granted against either one. The Clerk of Court is **DIRECTED** to **TERMINATE** both defendants.

---

[2] However, federal agencies are not amenable to a suit for money damages under Bivens. *FDIC v. Meyer*, 510 U.S. 471, 483-86 (1994). Because Plaintiff cannot pursue his claim for money damages against the Federal Bureau of Prisons and U.S. Marshals Service under the FTCA, *Bivens*, or Section 1983, both agencies shall be dismissed with prejudice.

Plaintiff is **GRANTED** leave to file a First Amended Complaint on or before **February 9, 2021**.  Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims.  FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).  The dismissal shall also count as a "strike" under 28 U.S.C. § 1915(g).

When preparing his First Amended Complaint, Plaintiff is strongly encouraged to use the civil rights complaint form designed for use in this District.  He should label the form, "First Amended Complaint," and list the case number for this action (No. 20-cv-01336-JPG) on the first page.  To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is reminded that an amended complaint generally supersedes and replaces prior complaints, rendering them void.  *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  The First Amended Complaint must stand on its own without reference to any previous pleading.  Plaintiff must re-file any exhibits he wishes the Court to consider.  The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files an Amended Complaint.  28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 1/12/2021**　　　　　　　　　　　　　s/J. Phil Gilbert
　　　　　　　　　　　　　　　　　　　　　　　　　　**J. PHIL GILBERT**
　　　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**