IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DEMETRIUS D. MOORE, #14653-025,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 20-cv-1336-JPG |
| | ) | |
| **SHANNON WOLFF,** *et al,* | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER OF DISMISSAL

**GILBERT, District Judge:**

On December 15, 2020, Plaintiff filed a Complaint pursuant to the Federal Tort Claims Act to complain about the conditions of his confinement at Randolph County Jail located in Chester, Illinois. (Doc. 1). The Court screened the Complaint pursuant to 28 U.S.C. § 1915A and dismissed it without prejudice for failure to state a claim for relief on January 12, 2021. (Doc. 7). Plaintiff was granted leave to file a First Amended Complaint on or before February 9, 2020. (*Id*.). He was warned that failure to do so would result in dismissal of the action with prejudice. (*Id*. at 5) (citing FED. R. CIV. P. 41(b)). He was also warned that he would receive one of his three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g). He nevertheless missed the deadline for amending the complaint, and he failed to request an extension.

Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis* ("IFP motion") without the necessary trust fund information. (Doc. 2). On December 17, 2020, the Court entered an Order directing Plaintiff to provide the Clerk of Court with his prisoner trust fund account statement and certification form completed by the Trust Fund Officer for the period June 1, 2020 through December 15, 2020 within 45 days (*i.e.*, on or before February 1, 2021) (Doc. 5). He was warned

1

that failure to do so would result in dismissal of the action, and he was provided with a blank certification form.  *Id*.  Plaintiff also missed this deadline and failed to request an extension.

On February 26, 2021, the Court entered a Notice of Impending Dismissal.  (Doc. 12).  The Court explained that without a properly completed IFP Motion and certified trust fund statement for the applicable time period, the Court will not grant IFP status or allow him to proceed any further in this matter.  And, without a First Amended Complaint, the case would be dismissed with prejudice.  Plaintiff was be given one final opportunity to pursue this case – an additional fourteen (14) days to submit a First Amended Complaint and a properly completed trust fund certification and statement (due on or before March 11, 2021).  Plaintiff was warned that failure to comply with the Order would result in dismissal of the action with prejudice, and he was provided with a blank certification form.

To date, Plaintiff has failed to file a First Amended Complaint or provide the necessary prisoner trust fund account information required to determine whether he is entitled to proceed without prepaying fees and costs.  The extended deadline expired a week ago, and Plaintiff has not requested additional time to comply with the Court's Order (Doc. 12).  The Court will not allow this matter to linger.

Accordingly, this case is **DISMISSED** with prejudice based on Plaintiff's failure to comply with the Court's Orders (Docs. 5, 7, 12) to file a First Amended Complaint and trust fund account information.  *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

This dismissal counts as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

Plaintiff's Motion for Leave to Proceed *in forma papueris* (Doc. 2) is **TERMINATED**. His obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $400.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Plaintiff's obligation to pay the $400.00 filing fee for this action was incurred at the time the action was filed. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Accordingly, the agency having custody of Plaintiff is directed to remit the $400.00 filing fee from his prison trust fund account if such funds are available. If he does not have $400.00 in his account, the agency must send an initial payment of 20% of the current balance or the average balance during the past six months, whichever amount is higher. Thereafter, the agency shall begin forwarding monthly payments of 20% of the preceding month's income credited to Plaintiff's trust fund account (including all deposits to the inmate account from any source) until the statutory fee of $400.00 is paid in its entirety. The agency having custody of Plaintiff shall forward payments from his account to the Clerk of Court each time his account exceeds $10.00 until the $400.00 filing fee is paid. Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois. The Clerk is **DIRECTED** to mail a copy of this Order to the Trust Fund Officer at the Tallahatchie County Correctional Center *upon entry of this Order*.

**IT IS SO ORDERED.**

DATED: 3/19/2021

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**